# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEDRIC DY'SHONE HAYES, | : | |
| | : | Criminal Action No. 1:03-cr-00062 |
| Petitioner | : | |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent | : | |
| | : | |

## MEMORANDUM ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On January 28, 2009, Movant Dedric Dy'Shone Hayes filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 342.) The Court appointed Attorney Jim West to represent Movant at an evidentiary hearing on his claim of ineffective assistance of counsel. (Doc. No. 352.) On June 24, 2009, the Court heard oral argument and testimony on the motion to vacate. (Doc. No. 356.) On July 13, 2009, Attorney West filed a motion to withdraw the § 2255 motion, stating:

> Defense counsel discussed the merits of the petition pursuant to 28 U.S.C. 2255 with the Defendant and subsequently visited the Defendant at the Dauphin County Prison and reviewed with him the allegations and the possible ramifications of prevailing on his motion. . . . Petitioner indicated to counsel that he wishes to withdraw his motion pursuant to 28 U.S.C. § 2255. Counsel fully concurs in the Petitioner's decision.

(Doc. No. 360 ¶ 6-7.) On July 16, 2009, the Court deemed the motion to vacate withdrawn. (Doc. No. 361.)

On October 5, 2009, the Court received a letter from Movant indicating a desire to reopen the § 2255 motion on the basis that Attorney West misled him. (Doc. No. 370.) Movant

avers that Attorney West told him that he would be forced to go to trial if he were to proceed with his § 2255 claims, but that if he withdrew the claims, his pending § 3582(c)(2) motion would be granted. (Doc. No. 370.)

The initial question before the Court is how to interpret the letter requesting it to reopen Movant's § 2255 proceedings: as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), a first § 2255 motion, or a "second or subsequent" § 2255 motion.

The first possibility is that the letter might be interpreted as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). In Pridgen, the Third Circuit Court of Appeals adopted a hybrid approach to allowing litigants to move for relief under Rule 60(b) upon dismissal of their § 2255 motions. See Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004) (discussing whether a 60(b) motion may be made to challenge the dismissal of a habeas petition or such a motion constitutes a second or successive habeas petition). It held that:

> [I]n those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

Pridgen, 380 F.3d at 727. In other words, Rule 60(b) motions can be used to attack the integrity of habeas proceedings, but not to challenge the underlying merits of a habeas claim. Though Movant states that he "has great reason to believe that Mr. West lied" to him, and that he wants the letter to be a "formal complaint" towards the poor performance and ineffectiveness of Attorney West, the thrust of Movant's request is for adjudication on the merits of his § 2255 motion rather than a challenge to the habeas proceedings or hearing that took place. Moreover,

no judgment on the merits of the § 2255 motion was made, and there is no right to effective assistance of counsel in a habeas proceeding.[1] Therefore, the Court declines to interpret the letter as a motion pursuant to Rule 60(b).

The Court must now consider whether Movant's reassertion of his § 2255 motion constitutes a first or a "second or successive" motion. For guidance on this issue, the Court turns to a trilogy of cases from the Seventh Circuit and Second Circuit Courts of Appeals because the Third Circuit has not yet ruled on this issue. The Seventh Circuit has found that only certain voluntarily withdrawn and subsequently filed § 2255 motions should be considered "second or successive." In so finding, it reasoned that motions to vacate are often crafted by *pro se* litigants unfamiliar with the formal standards of pleading and the rigors of AEDPA requirements, but that everyone is allowed one full opportunity to have his or her claims heard on the merits. Garrett v. United States, 178 F.3d 940 (7th Cir. 1999) (finding that motions unilaterally withdrawn prior to becoming ripe did not indicate an attempt to gain a tactical advantage, and thus were not denials on the merits, and did not bar subsequent § 2255 petitions). In Garrett, the Seventh Circuit determined that when a § 2255 motion has been voluntarily withdrawn prior to the filing of the government's brief in opposition and consideration on the merits, a subsequent § 2255 petition is not a "second or successive" motion. Id. at 943. By contrast, the court found that once counsel had been appointed and a date for an evidentiary hearing set in furtherance of a § 2255 motion,

---

[1]The Court notes that Movant has no Constitutional right to effectiveness of counsel in a habeas proceeding. Coleman v. Thompson, 501 U.S. 722, 752 (1991) (no Constitutional right to effective assistance in state habeas proceedings); Hunt v. Nuth, 57 F.3d 1327, 1340 (4th Cir. 1995) ("[T]he Constitution does not require counsel for defendants who attack their judgments under 28 U.S.C. § 2255. . . . [A]ttorney error in an initial habeas proceeding cannot serve as cause to review subsequent petitions." (Internal citations omitted)); Bonin v. Vasquez, 999 F.2d 425, 429 (9th Cir. 1993) (denying 60(b) motion that habeas counsel was ineffective).

any withdrawal and subsequent motion is considered "second or successive" because a movant may not "be permitted to thwart the limitations on the filing of second or successive motions by withdrawing his first petition as soon as it becomes evident that the district court is going to dismiss it on the merits." Felder v. McVicar, 113 F.3d 696, 698 (7th Cir. 1997); see also Potts v. United States, 210 F.3d 770 (7th Cir. 2000) (dismissing § 2255 motion as "second or successive" when the petitioner had been "assisted by counsel, filed a competent motion, and then appears to have realized . . . that in light of the government's brief in opposition, the motion was doomed.").

The Second Circuit Court of Appeals has adopted a similar approach. It held that when a § 2255 motion is voluntarily withdrawn, it counts as a successive motion if "the circumstances surrounding withdrawal clearly and objectively indicate that the petitioner knows his or her motion is meritless." Thai v. United States, 391 F.3d 491, 495 (2d Cir. 2004) (holding that a motion was not "second or successive" under AEDPA when there was no "clear indication" that movant regarded his initial petition as meritless).

The § 2255 motion at issue in this case would be considered a second or successive motion under either standard. Movant withdrew his motion at a point too late for it to be considered merely procedural or technical. The motion had been briefed, counsel had been appointed, and an evidentiary hearing had been held before the motion was withdrawn. Moreover, the motion to withdraw indicates that such decision was made "after defense counsel discussed the merits of the petition pursuant to 28 U.S.C. § 2255 with the Defendant . . . and reviewed with him . . . the possible ramifications of prevailing on his motion." (Doc. No. 360 ¶ 6.) The proceedings at the evidentiary hearing buttress this conclusion despite Movant's contentions that he was misled. Though the claim did not prove meritless at the evidentiary

4

hearing, it did become apparent at that point that re-sentencing may not be to Movant's advantage. A brief review of the evidentiary hearing proceedings is necessary to clarify this point.

In his initial § 2255 motion, Movant argued that sentencing counsel, Attorney Gerald Lord, was ineffective for withdrawing his objections to the drug quantities proffered at sentencing. (Doc. No. 342 at 4.) Attorney Lord testified at the hearing about the decision he made and whether it was a decision a reasonably competent attorney would have made. (Doc. No. 356.) At the conclusion of the evidence, the Government pointed out that if Movant were to succeed on his ineffective assistance claim and receive a re-sentencing, it would not support application of the significant downward departure it had recommended at the original sentencing hearing. (Id.) The Government argued that, after being sentenced and receiving the downward departure, Movant not only failed to provide the Government the substantial assistance he had promised, but that he perjured himself while testifying. (Id.) Thus, the Government made clear at the evidentiary hearing its position that it would withdraw the motion for downward departure should a re-sentencing occur. Prior to the conclusion of the hearing, the Court ordered defense counsel to brief the issue of whether Movant could receive his desired remedy: readjudication of the drug quantities without allowing the Government an opportunity to withdraw the motion for downward departure. (Id.) Instead, he moved to withdraw the motion. (Doc. No. 360.)

Accordingly, at the time of Movant's withdrawal of his motion to vacate, Movant was aware of the possibility that a re-sentencing could actually yield a higher sentence than the one he was currently serving. This suggests, even under the Second Circuit's objectivity test, that the

5

motion was withdrawn because of a tactical decision on the merits, forcing the conclusion that Movant seeks to file a second or successive motion.

As a second or successive § 2255 motion, the Court finds that Movant's § 2255 motion must be dismissed because he has failed to demonstrate he has met any of the conditions precedent to allow consideration of a second or successive petition. 28 U.S.C. §§ 2255(h), 2244(b)(3).

**AND NOW**, this 5th day of January 2010, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that Movant's request to reopen his § 2255 proceedings, interpreted as a second or successive petition (Doc. No. 370), is **DISMISSED**.

Because the Third Circuit Court of Appeals has not yet ruled on the issue of whether a § 2255 motion renewed prior to judgment on the merits but after an evidentiary hearing constitutes a second or successive motion, and it is an issue upon which reasonable jurists could disagree, a certificate of appealability shall issue on this question.

                                               s/ Yvette Kane
                                               Yvette Kane, Chief Judge
                                               United States District Court
                                               Middle District of Pennsylvania